114

THE STATE OF OHIO, APPELLEE, v. ARRINGTON, APPELLANT.

[Cite as State v. Arrington (1975), 42 Ohio St. 2d 114.]

(No. 74-332—Decided April 16, 1975.)

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, and *Mr. Joseph G. Carr*, for appellee.

*Mr. D. N. Bodley*, for appellant.

O'NEILL, C. J. The primary question presented in this appeal is whether the denial of defendant's motion for the transcript of the preliminary hearing was prejudicial error. This court finds that the motion should have been granted, and accordingly reverses the decision of the Court of Appeals.

### I.

The new Ohio Rules of Criminal Procedure are inapplicable to this appeal since the proceedings before the trial court were completed prior to the effective date of those rules, July 1, 1973.

The record does not contain an affidavit of indigency or entry declaring the defendant to be an indigent prior to the motion for the transcript. However, it does appear from the transcript of the docket that the trial court appointed counsel for the defendant on February 7, 1973. This court agrees with the Court of Appeals that the totality of the record indicates that the trial court determined that the defendant was indigent prior to the motion.

*Britt* v. *North Carolina* (1971), 404 U. S. 226, 227, states the general principle of law which this court follows today in this decision:

"*Griffin* v. *Illinois* [(1956), 351 U. S. 12] and its progeny established the principle that the state must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. * * *"

Two factors relevant to the determination of "need" are identified in *Britt* (404 U. S., at page 227):

" * * * (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript. * * * "

Those factors are independent of each other. The denial of a transcript at state expense may be justified either by a showing that the transcript is not valuable to the trial or appeal, or that there are alternative devices available to the defendant that would fulfill the same functions as a transcript. In *State* v. *Scott* (1972), 31 Ohio St. 2d 1, 285 N. E. 2d 344, this court relied upon the second

factor in upholding the denial of a transcript of an earlier trial when counsel conceded that there was available an alternative device which would fulfill the same functions as the transcript. There is no such concession in the instant case.

The burden of showing either lack of value or availability of alternative devices is upon the state, not the defendant. *Britt* v. *North Carolina, supra; Mayer* v. *Chicago* (1971), 404 U. S. 189.

With respect to the value of the transcript to the defendant, the court said in *Britt,* at page 228:

"We agree with the dissenters that there would be serious doubts about the decision below if it rested on petitioner's failure to specify how the transcript might have been useful to him. Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case. As Mr. Justice Douglas makes clear, even in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses."

With respect to the availability of alternative devices, the court said, at page 230:

"A defendant who claims the right to a free transcript does not, under our cases, bear the burden of proving inadequate such alternatives as may be suggested by the state or conjured up by a court in hindsight. * * * "

In *Mayer* v. *Chicago, supra,* decided the same day as *Britt,* the court said (404 U. S., at page 199):

" * * * The order of the [Illinois] Supreme Court * * * may * * * have been based * * * on the ground that appellant had the burden of showing that the alternatives of a 'settled' or 'agreed' statement were inadequate. We hold today that a denial of appellant's motion * * * on the basis that he did not meet the burden of showing the inadequacy

of the alternatives, *would constitute constitutional error.*'' (Emphasis added.)

The state argues that the denial of the pretrial transcript was not error because: (1) The defendant did not establish that the transcript of the preliminary hearing was valuable to his defense, (2) the defendant did not allege any discrepancies between the testimony at trial and the testimony at the preliminary hearing, and (3) the defendant did not suggest that there were no alternative devices that would fulfill the same function as the transcript. This court disagrees. The burden is on the state, not the defendant, to show these things. A preliminary hearing, although much more limited in scope than a prior mistrial, is a formal proceeding in which testimony is taken in a judicial atmosphere. If a record is made of a preliminary hearing, its value to the defendant is similar to that of the record of a prior trial. '' * * * [E]ven in the absence of specific allegations,'' the value of a transcript of that record to the defense ''can ordinarily be assumed.'' *Britt* v. *North Carolina, supra,* at page 228.

The state also has failed to show that there are alternative devices available to the defendant which would fulfill the function of the transcript. The state suggests that:

'' * * * [T]here were alternative devices available to the defendant in the form of defense counsel's and the defendant's recollections of what was said at the preliminary hearing. If any discrepancies were recalled the court reporter and her notes could have been brought into the courtroom.''

Clearly, defense counsel has no recollection of the preliminary hearing, for he was appointed over a month later. That leaves only the defendant's own recollections of the preliminary hearing, which is an inadequate alternative to the transcript, in view of the fact that a record was made of the preliminary hearing.

With regard to bringing the court reporter into the courtroom with her notes, that alternative is ''too little

and too late." *Britt, supra,* at page 229. The stenotype notes of the preliminary hearing were taken by an independent recording group under contract with the Hamilton County Municipal Court. It is most unlikely that the reporter would have read back her notes to defense counsel "well in advance" of the trial on his informal request without requiring payment of a fee. See *State* v. *Scott, supra,* at page 11.

The state also argues that the defense motion for the transcript was not timely made. The trial was set for Thursday, May 3, 1973. Defense counsel made his motion for the transcript five days earlier on Friday, April 27th. Prior to the new criminal rules, there was no definite time period within which the defense had to make a motion of this nature, as is now provided in the Rules of Criminal Procedure. Crim. R. 12(C) provides that such motions shall be made at least seven days before trial. The defense in this case, however, did not have a particular date on which he knew he had to either reach an agreement in the plea negotiations or make his motion for the transcript. There is no evidence that the motion of April 27th was interposed as a dilatory tactic. Unlike the motion at trial, the motion made on April 27th did not request a continuance. While the timing of the motion is not to be recommended, the court finds that in this case the motion should have been granted by the trial court.

## II.

In his third proposition of law, the appellant contends that the case against him consisted of circumstantial evidence only, and the charge to the jury should have contained an instruction that the evidence must be consistent only with guilt. See *State* v. *Kulig* (1974), 37 Ohio St. 2d 157, 309 N. E. 2d 897.

In his fourth proposition of law, appellant contends that there was insufficient evidence of intent to convict him.

The principal evidence against the defendant was the testimony of the victim, who was at the scene of the alleg-

ed robbery. He testified as to what the defendant said and did during that time. The evidence presented against the defendant consisted of both direct and circumstantial evidence. The trial court defined each, and properly charged the jury concerning the weight to be given that evidence. In addition, there was sufficient evidence of the defendant's intent to submit the case to the jury.

### III.

Appellant's fifth and sixth propositions of law challenge the cross-examination of the defendant concerning his prior convictions and the adequacy of the charge to the jury relevant to that testimony.

The defendant took the stand and testified in his own behalf. On direct examination he was asked: "Have you ever been arrested or convicted for a state or federal offense?" The defendant's answer was, "Yes, I have." On cross-examination, the defendant testified that he had been convicted of the federal offense of mail theft and several non-federal offenses, and had been incarcerated for some of them.

While this court has recognized that the defendant can be prejudiced by a disparaging course of cross-examination, unjust and uncalled for by the circumstances of the case (*State* v. *Smith* [1932], 125 Ohio St. 137, 180 N. E. 695), or similar conduct by the prosecutor in summation to the jury (see *State* v. *Woodards* [1966], 6 Ohio St. 2d 14, 215 N. E. 2d 568), the general rule established by a line of unanimous decisions of this court is that the defendant may be cross-examined as to his conviction of a crime under state or federal laws for the purpose of testing credibility. R. C. 2945.42; *Harper* v. *State* (1922), 106 Ohio St. 481, 140 N. E. 364; *State* v. *Murdock* (1961), 172 Ohio St. 221, 174 N. E. 2d 543; *State* v. *Woodards* (1966), 6 Ohio St. 2d 14, 25, 215 N. E. 2d 568. "The term 'crime' includes both misdemeanors and felonies under state laws." *State* v *Murdock,* *supra,* paragraph one of the syllabus. "His conviction under a city ordinance is not competent." *Harper* v. *State,* *supra,* paragraph two of the syllabus,

The defense in this case opened the line of questioning by raising the issue of the defendant's prior convictions on direct examination. The record does not reveal whether any of the non-federal convictions brought out on cross-examination were convictions of city ordinances. If any were city ordinance convictions, they should have been excluded.

The appellant alleged in oral argument before this court that the prosecution engaged in a disparaging summation to the jury relating to the prior convictions. That portion of the trial is not part of the record before this court, and the court will not consider it in this decision.

The court finds that the cross-examination concerning prior state and federal offenses in this case did not prejudice the defendant under the *Smith* rule, *supra*, and that evidence was properly admitted.

The trial court made the following instruction to the jury:

"Now, testimony was introduced to prove that the defendant was convicted of certain criminal acts. This testimony may be considered for the purpose of helping you to test the credibility or weight to be given to his testimony. It cannot be considered for any other purpose."

The instruction was sufficient to prevent any prejudice to the defendant in this case by the prior conviction evidence.

Since the motion for the transcript at state expense was improperly denied, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN, and P. BROWN, JJ. concur.