Appellant Thomas L. Robinson appeals the decision of the Canton Municipal Court which overruled his objection to the Report of the Magistrate filed December 1, 1998.
This case commenced as a small claims action filed November 6, 1998, wherein Robinson claimed damages of $2500 against Appellee Linder's Custom Sport Cycles ("Linder's"), operated by Chuck and Rita Linder, pursuant to a dispute over repair work regarding Robinson's 1982 Honda motorcycle.
On December 1, 1998, the magistrate found that appellant had failed to prove any legal claim against Linder's. Appellant timely objected to the magistrate's report, which the trial court overruled. The present appeal followed. On December 21, 1998, appellant also filed a motion with this Court captioned as "Appellant's (Motion): Order Seeking a Written Itemized Estimate of Tanscript [sic]. In Possession of Judge/Falvey. Plus the Right to Review the Tapes That Haven't Been Altered (Promptly.)" This Court overruled his motion on January 8, 1999.
Appellant, in his brief, raises the following three assignments of error:
I
 DID REFEREE/LEMUEL R. GREEN VIOLATE THE BLACK APPELLANT'S (4TH) AMENDMENT/DUE PROCESS RIGHT(S) ON (12-01-98) IN CASE # (98-CVI-6714), ESCHEWING (HIS) CONFLICTS OF INTERESTS WHILE NOT BEING CONSISTENT ON RECORD IN RESCUSING [SIC] HIMSELF FROM THE APPELLANT'S CASES, WITH A RANCOR ATTITUDE[.] DID THE WEIGHT OF EVIDENCE GET PROPERLY WEIGHED AS THE EVIDENTIARY EVIDENCE WAS HIGHLY PREJUDICED AGAINST THE BLACK APPELLANT THOMAS L. ROBINSON. WHILE RULING ON A MOTION TO DISQUALIFY HIMSELF IN ITSELF WAS HIGHLY PREJUDICIAL AS THE ENTIRE HEARING WAS NOT FAIR OR IMPARTIAL.
II
 WAS THE ESCHEWANCE) OF JUDGE/MARY A. FALVEY IN NOT RULING ON THE APPELLANT'S (11-30-98) MOTION TO DISQUALIFY/REFEREE/LEMUEL R. GREEN HIGHLY PREJUDICIAL AGAINST THE BLACK APPELLANT WHOM HAS FILED A CIVIL ACTION FOR CORRUPTION. WHILE STAUCNHING [SIC] THE THE [SIC] FACT REFEREE/GREEN FOR CONFLICTS RESCUSED [SIC] HIMSELF IN ROBINSON VS. KENNETH KEIFFER. DID JUDGE/FALVEY (RAPED) [SIC] THE PURPOSE OF THE CONSTITUTION WHILE EVADING PROVIDING A WRITTEN ITEMIZED ESTIMATE OF A TRANSCRIPT ORDER VERSES [SIC] A FIGURE WHICH WAS NOT (KOSHER) WHILE KEEPING THE TRANSCRIPT FROM AN INDIGENT PAUPER. WERE THESE RULINGS OR LACK OF FAIR? WERE THEY IMPARTIAL? DID THE APPELLANT EVEN UNDER THIS ALLEDGED [SIC] INDEPENDENT SOURCE DENY THE APPELLANT HIS (4TH) AMENDMENT CONSTITUTIONAL RIGHTS?
III
 DID THE FIFTH DISTRICT APPELLATE COURT WITH JUDGE(S): W. SCOTT GWIN, WILLIAM B. HOFFMAN, SHEILA FARMER, JOHN W. WISE (THEN) W. DON READER, PREJUDICE THE APPELLANT'S APPEAL IN ESCHEWING THE MOTION FILED BEFORE THIS APPEALS COURT OF (12-21-98), A MTION [SIC] SEEKING AN ORDER TO DEMAND A WRITTEN ITEMIZED TRANSCRIPT IN CASE (98-CVI-6714).
 I, II
The issues raised in appellant's first Assignment of Error and in the first portion of his second Assignment of Error would mandate our review of the entire transcript. A review of the file on appeal reveals that appellant has failed to provide a transcript of the relevant trial court proceedings pursuant to App. R. 9(B). Therefore, this Court "has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199.
In regard to the remainder of appellant's second Assignment of Error, we note that appellant has cited no law to support his position. While significant case law exists which would allow for a free transcript for an indigent criminal defendant, (see, e.g., State v. Arrington (1975), 42 Ohio St.2d 114; Mayerv. City of Chicago (1971), 404 U.S. 189), or a party involved in certain parental rights proceedings (see, e.g., State exrel. Heller v. Miller (1980), 61 Ohio St.2d 6), we would concur with the wording of the Tenth District Court of Appeals: "While in criminal appeals a single copy of the transcript must be prepared at government expense and filed with the court for those who are demonstrated to be indigent, no similar responsibility must be borne by the government in the appeal of civil cases." Duff v. Ohio Dept. of Rehabilitation andCorrection (June 30, 1992), Franklin App. No. 92AP-146, unreported, at 1.
Appellant's first and second Assignments of Error are overruled.
 III
In his third Assignment of Error, appellant is effectively requesting that this Court overrule its own judgment entry of January 8, 1999, which already decided this issue.
We emphasize that in State ex rel. Motley v. Capers (1986),23 Ohio St.3d 56, the Supreme Court allowed the use of narrative statements under App. R. 9(C) in situations where an indigent appellant in a civil action is unable to fund a transcript. A review of the record on appeal indicates that appellant, who asserts his indigency, failed to provide such narrative statements of the evidence or proceedings in lieu of a transcript, as procedurally outlined under App. R. 9(C). Again, this Court will not permit circumvention of the Appellate Rules.
Appellant's third Assignment of Error is overruled.
For the reasons stated in the foregoing, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
---------------------
---------------------
 --------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.
---------------------
---------------------
 --------------------- JUDGES