OPINION
Appellant Donald Harman appeals the decision of the Stark County Court of Common Pleas that directed a verdict in favor of Appellee Martin Emrich at the conclusion of appellant's case. The following facts give rise to this appeal. Appellant Donald Harman filed a complaint against Appellee Martin Emrich on October 1, 1996. In his complaint, appellant set forth various claims as a result of appellee's legal representation of him in several criminal and civil matters. The Mahoning County Court of Common Pleas transferred this matter to the Stark County Court of Common Pleas on June 19, 2000. The Ohio Supreme Court appointed a visiting judge to hear this matter on July 3, 2000. The trial commenced on October 2, 2000. At the conclusion of appellant's case, appellee moved for a directed verdict. The trial court granted appellee's motion because appellant failed to present expert testimony on his claim for legal malpractice. Appellant filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. APPELLANT WAS DENIED DUE PROCESS OF LAW AND EQUAL PROTECTION AND HIS STATE AND FEDERAL RIGHT TO ACCESS TO THE COURTS WAS EFFECTIVELY DENIED WHEN HE WAS REFUSED A TRIAL TRANSCRIPT OF THE PROCEEDINGS DUE TO HIS FINANCIAL INABILITY TO PAY FOR SAID TRANSCRIPT, POVERTY SHOULD NOT BE USED TO DENY ACCESS TO THE COURTS AND APPEAL COURTS OF OHIO. SUCH DENIAL IS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SEC. 16 OF THE OHIO CONSTITUTION AND JUSTIACE (SIC) FOR ALL ACT.
 II. TRIAL COURT COMMITTED REVERSABLE (SIC) ERROR BY HAVING EX PARTE MEETINGS WITH THE APPELLEE AND GRANTING A CHANGE OF VENUE IN VIOLATION WITH STANDARD RULES OF PROCEDURE AND OHIO LAW.
 III. TRIAL COURT VISITING JUDGE MARY CACIOPPO WAS PRIOR TO THE TRIAL AND DURING THE TRIAL OPENLY BIASED BECAUSE APPELLANT CONTACTED THE FEDERAL OFFICIALS ABOUT THE APPELLEE AND MAHONING COUNTY PROSECUTOR EXTORTING HIM AND OTHER CRIMINAL DEFENDANT'S (SIC) OUT OF MONEY.
 IV. TRIAL COURT ERRED AS A MATTER OF CURRENT LAW WHEN IT REFUSED TO ALLOW THE APPELLANT TO DISCREDIT THE APPELLEE PURSUANT TO RULE OF EVIDENCE 609, KNOWING THAT APPELLEE HAD IN U.S. DISTRICT COURT PLEAD GUILTY TO THE SAME ALLEGATIONS CONTAINED WITHIN THE COMPLAINT.
 V. TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ALLOWED APPELLEE TO INTRODUCE EVIDENCE OVER THE OBJECTION OF THE APPELLANT'S PAST RECORD. BUT, REFUSED TO ALLOW EVIDENCE OF APPELLEE'S RECORD.
 VI. TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT REFUSED TO ALLOW THE APPELLANT TO CALL AS A WITNESS THE STARK COUNTY RECORDER OR GRANT TO APPELLANT A CONTINUANCE UNTIL THE NEXT DAY.
 VII. TRIAL COURT ERRED AS A MATTER OF LAW WHEN AFTER REFUSING A CONTINUANCE FORCED THE APPELLANT TO REST. WHEN APPELLEE HAD WITHDREW AS COUNSEL ON SEPTEMBER 29TH, 1995 THREE DAYS PRIOR TO THESE IMPROPER AND ILLEGAL ACTION'S (SIC). NO ATTORNEY-CLIENT BREACH OF DUTY.
 VIII. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DIRECTED A VERDICT IN FAVOR FOR (SIC) APPELLEE WHEN THERE WAS AMPLE EVIDENCE OF MISCONDUCT, FORGERY, AND THEFT OF FUNDS ALONG WITH GOLD JEWELRY.
 I, II, III, IV, V, VI, VII, VIII
We will address appellant's eight assignments of error simultaneously. The record in this matter reveals that appellant failed to file a transcript of the trial conducted on October 2, 2000. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Because appellant has failed to provide this court with those portions of the transcript necessary for resolution of the assigned errors, we must presume the regularity of the proceedings below and affirm. We would note that appellant raises the issue of this court's denial of a transcript at the state's expense in his First Assignment of Error. We explained, in a judgment entry dated October 30, 2000, that appellant is not entitled to a transcript at state expense because this is a civil appeal, not a criminal appeal. While significant case law exists which would allow for a free transcript for an indigent criminal defendant, (see, e.g., State v. Arrington (1975),42 Ohio St.2d 114, 326 N.E.2d 667; Mayer v. City of Chicago (1971),404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372), or a party involved in certain parental rights proceedings (see, e.g., State ex rel. Heller v. Miller (1980), 61 Ohio St.2d 6, 399 N.E.2d 66) we would concur with the wording of the Tenth District Court of Appeals: `While in criminal appeals a single copy of the transcript must be prepared at government expense and filed with the court for those who are demonstrated to be indigent, no similar responsibility must be borne by the government in the appeal of civil cases.' Duff v. Ohio Dept. of Rehabilitation and Correction (June 30, 1992), Franklin App. No. 92AP-146, unreported, at 1. Robinson v. Custom Sport Cycles (Apr. 19, 1999), Stark App. No. 1998CA00331, unreported, at 2.
Accordingly, appellant's First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Assignments of Error are overruled. For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Edwards, J., concur.