Jose Antonio CARRION, Plaintiff,

v.

Reginald A. WILKINSON,
et al., Defendants.

No. 1:03CV107.

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 12, 2005.

Jose Antonio Carrion, Mansfield, OH, pro se.

Scott M. Campbell, Office of the Attorney General, Columbus, OH, for Defendants.

## ORDER

WELLS, District Judge.

Plaintiff Jose Antonio Carrion ("Mr.Carrion"), an inmate at the Richland Correctional Institution (the "Institution"), filed this action *pro se* against a number of officials affiliated with the Institution and the Ohio Department of Rehabilitation and Correction.[1] (Docket #1). In bringing claims under 42 U.S.C.1983, the Americans with Disabilities Act of 1990 ("ADA"), and the Rehabilitation Act of 1973 ("RA"), Mr.

1. The defendants, named in their individual and official capacities are: Reginald Wilkinson, director of the Ohio Department of Rehabilitation and Correction; Brian Cain, a registered nurse and Health Care Administrator at the Institution; Joe Henderson, the Food Service Manager at the Institution; Kenneth Williams, the Institution's physician; S. Elswick, the Institution's dietary technician; and, Sue Smith, the Standards and Accreditation Manager for the Office of Correctional Health Care in the Ohio Department of Rehabilitation and Correction.

Carrion maintained that the defendants refused to provide him with "insulin dependent diabetic meals" causing his diabetic and neuropathy conditions to deteriorate during his incarceration. On 9 May 2003, defendants filed a motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Mr. Carrion's claim, which the Court granted in a memorandum and opinion issued on 10 March 2004. (Docket # 15, 19, 23, 28, 29). On 26 March 2004, Mr. Carrion filed notice with the Court that he was appealing the dismissal. (Docket # 30). The Court granted Mr. Carrion's request to proceed *in forma pauperis* on appeal. (Docket # 31, 33). That appeal is pending before the Sixth Circuit Court of Appeals, having first been dismissed for lack of prosecution, and then been reinstated upon Mr. Carrion's motion and cure. (Docket # 35, 37)

Currently before this Court is Mr. Carrion's 20 December 2004 motion for the transcripts of all proceedings in case number 99 CR 054030 in the Lorain County Court of Common Pleas. (Docket # 36). That case resulted in Mr. Carrion's present incarceration and is legally and factually distinct from the matter currently pending appeal from this Court. Nevertheless, relying upon *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), and *State v. Arrington,* 42 Ohio St.2d 114, ¶ 1, 326 N.E.2d 667 (1975), Mr. Carrion maintains that the Court must provide transcripts of those proceedings at state expense as they are "necessary in this case to raise an effective and adequete [sic] constitutional question ... [where] Appellant was never given a fair opportunity to effective and adequate [sic] presentation of his case at the State Ohio Court level violating constitutional rights." (Docket # 36 p. 2). For the reasons set forth below, Mr. Carrion's motion is denied.

■ *Griffin v. Illinois* and its progeny establish the principle that to satisfy the commands of the Equal Protection Clause, states may not condition the exercise of basic trial and appeal rights on a defendant's ability to pay for such rights. *Griffin v. Illinois,* 351 U.S. at 19, 76 S.Ct. 585. Those cases command that a state must "provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners." *Britt,* 404 U.S. at 227, 92 S.Ct. 431. In the context of providing transcripts to indigent defendants, the United States Supreme Court explained in *Britt:*

> In prior cases involving an indigent defendant's claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.

While the outer limits of that principle are not clear, there can be no doubt that the state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. *Griffin v. Illinois,* 351 U.S. at 19, 76 S.Ct. 585. *Accord, Riggins v. Rees,* 74 F.3d 732 (6th Cir. 1996); *State v. Arrington,* 42 Ohio St.2d 114, ¶ 1, 326 N.E.2d 667 (1975). *See also, Britt,* 404 U.S. at 228, 92 S.Ct. 431 ("Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case.")

■ In *Harris v. Stovall,* 212 F.3d 940 (6th Cir.2000), this Circuit reviewed the limits .of the United States Supreme

Court's directive in *Britt*. That case considered whether an indigent petitioner was entitled to a free transcript of his own previous trial, which had ended in a mistrial because the jury was deadlocked. In *Harris*, the petitioner sought a rule compelling the state to provide an indigent defendant with free copies of trial transcripts of his co-defendants' previous trial so that he could impeach the prosecution's witnesses. *Harris v. Stovall*, 212 F.3d at 944. The Court concluded in *Harris* that U.S. Supreme Court precedent did not establish that the defendant was entitled to a free copy of a transcript of his co-defendants' previous trial for impeachment of witnesses.

While the legal rule established by *Griffin* and *Britt*, that the state must provide an indigent defendant with the basic tools for an effective defense, is unquestionably broad, there exist limits to that principle, which Mr. Carrion's petition has exceeded. *Britt*, 404 U.S. at 227, 92 S.Ct. 431. Mr. Carrion's claim before this Court, which is pending appeal to the Sixth Circuit, rests on his contention that officials of the State of Ohio, at the Richland Correctional Institution, exhibited deliberate indifference toward his medical needs as a diabetic. Yet, Mr. Carrion requests this Court furnish, without cost, the transcripts pertaining to his State of Ohio trial which resulted in his current incarceration. The proceedings of that case, no. 99 CR 054030, do not fall within the ambit of "prior proceedings" as enunciated by the U.S. Supreme Court in *Griffin* or *Britt*. Indeed, to extend *Griffin* and *Britt* to include such factually and legally distinct prior proceedings would impose a new obligation on the state government under factual circumstances beyond that recognized by the U.S. Supreme Court. Consequently, the Court concludes that U.S. Supreme Court precedent neither dictates nor compels a rule that entitles Mr. Carrion to a free copy of a tran-

script of his trial in prior proceedings that are legally and factually separate from the proceedings in which his transcript motion arose.

Accordingly, because the copies of transcripts sought by Mr. Carrion are not from a legally and factually coherent "prior proceeding," his motion for free copies of these documents will be DENIED.

IT IS SO ORDERED.