OPINION
{¶ 1} Defendant-Appellant, John B. Stevens, appeals the judgment of the Defiance County Court of Common Pleas, Juvenile Division, denying his motion for transcripts and motion to modify a court order to pay child support. Specifically, Stevens contends that the trial court erred when it denied his motion for transcripts to appeal a criminal conviction; that the trial court erred when it failed to give due consideration to his disability recognized under the Americans with Disabilities Act of 1990; that the trial court erred in denying his motion to modify a court order to pay child support and erred when the trial court stated that he was not incarcerated as a result of his disability; and, that the trial court erred when the trial court stated that he was not incarcerated based on any order in this case. Finding that the trial court properly denied Stevens' motion for transcripts and motion to modify a court order to pay child support, we affirm the judgment of the trial court.
 {¶ 2} In August of 2000, Plaintiffs-Appellees, Angela Dreher, Jessica Stevens, and Jacob Stevens filed a complaint for support against Stevens.[1] In their complaint, under case number 24018, Appellees prayed for an order establishing past, present, and future child support and medical expenses that are just and appropriate under the law.
 {¶ 3} In a stipulated judgment entry entered in August of 2000, the trial court found that Stevens owed a duty of support for Jessica and Jacob. The trial court ordered, among other things, that Stevens pay $249.46 per month in child support for the two children.
 {¶ 4} In December of 2000, Appellees filed a motion for an order to find Stevens in contempt for, among other things, failure to make his child support payments. This motion was dismissed in January of 2001, because the court was unable to obtain service on Stevens.
 {¶ 5} In November of 2002, Stevens was indicted, in Defiance County Court of Common Pleas case number 02 CR 08436, for violating R.C. 2921.21(B), non-support of dependant children, a felony of the fifth degree. Stevens was later convicted and placed on five years community control with a reserved term of eleven months imprisonment in the event Stevens violated his community control.
 {¶ 6} In May of 2003, Stevens was arrested in Lucas County, Ohio. In Lucas County case number 03-CR-02268, Stevens was indicted for possession of cocaine in violation of R.C.2925.11(A) and (C)(4)(a), a felony of the fifth degree, and was indicted for failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree.
 {¶ 7} In June of 2003, in case number 03-CR-02268, the court referred Stevens for drug and alcohol screening. After screening him, on June 24, 2003, the Lucas County Court of Common Pleas Rehabilitation and Corrections Services Correctional Treatment Facility (hereinafter "Facility") found Stevens to be alcohol and drug dependent. Additionally, the Facility determined that Stevens met the definition for "disabled" as defined by the Americans with Disabilities Act of 1990.
 {¶ 8} In May of 2004, in case number 02 CR 08436, Stevens had his community control revoked and the eleven month reserved term of imprisonment was imposed.
 {¶ 9} In September of 2004, in case number 24018, a hearing was held before an administrative hearing officer of the Child Support Enforcement Agency. As a result of that hearing, the court ordered, among other things, Stevens to pay the same $249.46 per month in child support for his two children.
 {¶ 10} In February of 2005, in case number 24018, Stevens moved to receive transcripts from the administrative hearing held in September of 2004. Stevens argued that he needed a transcript of the administrative hearing in order to "[appeal] the criminal action taken against him arising from the original court order to pay support brought fourth (sic.) in this case, and the requested transcripts are essential to his appeal."
 {¶ 11} In March of 2005, in case number 24018, Stevens moved to modify the August 2000 child support order and to suspend retroactively the payment of the August 2000 child support order beginning on June 24, 2003. In his motion, Stevens argued that on June 24, 2003, in case number 03-CR-02268, he was found to be drug and alcohol dependent, which meets the definition of disabled, as defined in the Americans with Disabilities Act of 1990. As a result, Stevens argued that his disability has made him unable to maintain meaningful employment, and as a result, his child support order should be modified.
 {¶ 12} In April of 2005, in case number 24018, the juvenile court denied both of Stevens' motions.
 {¶ 13} In May of 2005, in case number 24018, Stevens moved for reconsideration of his motions for transcripts and for modification of the child support order. Three days later, the juvenile court denied Stevens' motion for reconsideration without hearing. Stevens has timely appealed this judgment, presenting the following assignments of error for our review:
 Assignment of Error No. I THE TRIAL COURT ERRED AND ABUSED IT'S (sic.) DISCRETION BYDENYING APPELLANT'S MOTION FOR PRODUCTION OF TRANSCRIPTS, THEREBYVIOLATING HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS PROVIDED BYTHE U.S. AND OHIO CONSTITUTION, AMEND. 14 AND ART. I § 10RESPECTIVELY, BECAUSE THE REQUESTED TRANSCRIPTS ARE NECESSARY FORTHE EFFECTIVE PROSECUTION OF AN APPEAL ARISING OUT OF (sic.)CRIMINAL CHARGE IN THIS CASE.
 Assignment of Error No. II THE TRIAL COURT ERRED AND ABUSED IT'S (sic.) DISCRETION BYMISCONSTREUING (sic.) THE RECORD AND FAILING TO GIVE DUECONSIDERATION TO THE FACTUAL BASIS AND RELEVANCY OF APPELLANT'SDISABILITY AS RECOGNIZED UNDER THE AMERICANS WITH DISABILITY(sic.) ACT OF 1990 AND FAILING TO RECOGNIZE APPELLANT'S ACTUALDISABILITY AS DOCUMENTED BY THE COURT, THEREBY VIOLATINGAPPELLANT'S 6TH, 8TH, AND 14TH AMENDMENT RIGHTS UNDER THEU.S. CONSTITUTION.
 Assignment of Error No. III THE TRIAL COURT ERRED AND ABUSED IT'S (sic.) DISCRETION INDENYING APPELLANT'S MOTION TO MODIFY COURT ORDER TO PAY SUPPORTAND ERRED IN LAW BY STATING THAT THE APPELLANT IS NOTINCARCERATED AS A RESULT/RAMIFICATION OF HIS DISABILITY WHENAPPELLANT IS INCARCERATED AS A RESULT OF HIS VERIFIED DISABILITY,THEREBY VIOLATING APPELLANT'S RIGHT TO PROTECTION FROM CRUEL ANDUNUSUAL PUNISHMENT AND APPELLANT'S RIGHT TO EQUAL PROTECTIONUNDER THE U.S. CONSTITUTION AMENDMENTS 8, 6, 14, AND THE OHIOCONSTITUTION ART. I § 10 RESPECTIVELY.
 Assignment of Error No. IV THE TRIAL COURT ERRED IN LAW WHEN IT'S (sic.) DENIAL OFAPPELLANT'S MOTION TO MODIFY COURT ORDER TO PAY SUPPORT, THECOURT STATED THAT THE APPELLANT WAS NOT INCARCERATED BASED ON ANYORDER IN THIS CASE, THEREBY VIOLATING APPELLANTS (sic.) 6TH AND14TH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION, AND ARTICLE I§ 10 OF THE OHIO CONSTITUTION.
 Assignment of Error No. I {¶ 14} In his first assignment of error, Stevens asserts that the trial court erred when it denied his motion for the production of transcripts. Specifically, Stevens argues that the State must provide the transcripts from the September 2004 administrative hearing, in case number 24018, in order to appeal the criminal case arising out of his failure to pay child support.[2] We disagree.
 {¶ 15} In support of his argument, Stevens relies on Brittv. North Carolina (1971), 404 U.S. 226, to explain that he is entitled to a state provided copy of the administrative hearing transcript, in case number 24018, to defend against his criminal appeal. In Britt, the United States Supreme Court provided the following general principle of law:
Griffin v. Illinois and its progeny established the principlethat the State must, as a matter of equal protection, provideindigent prisoners with the basic tools of an adequate defense orappeal, when those tools are available for a price to otherprisoners. While the outer limits of that principle are notclear, there can be no doubt that the State must provide anindigent defendant with a transcript of prior proceedings whenthat transcript is needed for an effective defense or appeal.
 Britt, 404 U.S. at 226-27 (citations omitted). The Ohio Supreme Court expressly followed Britt in State v. Arrington
(1975), 42 Ohio St.2d 114, where the Ohio Supreme Court provided, "In a criminal case, the state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." Arrington,42 Ohio St.2d at 114, para. one of the syllabus, following Britt,404 U.S. 226.
 {¶ 16} In the case sub judice, Stevens requested a transcript of an administrative hearing conducted in case number 24018. Case number 24018 occurred in the Defiance County Court of Common Pleas, Juvenile Division, and is purely a civil case in the nature of paternity and follow-up proceedings. Stevens has requested a transcript of the administrative proceeding to appeal a criminal case. There is no question that if Stevens was indigent and requesting transcripts from a criminal case, the State must provide transcripts of prior proceedings in that criminal case, if the transcripts are needed for an effective defense or appeal. Arrington, 42 Ohio St.2d at 144, para. one of the syllabus, following Britt, 404 U.S. 226.
 {¶ 17} However, Stevens has requested a transcript from a purely civil case, in order to appeal his criminal case. He provides no precedent, and we have not found any, which would allow him to obtain, at state expense, a transcript from a civil case for use in the appeal of a criminal case. As such, Stevens' first assignment of error is overruled.
 Assignments of Error Nos. II, III, IV {¶ 18} In his second assignment of error, Stevens asserts that the trial court erred and abused its discretion when it misconstrued the record and failed to give due consideration to the determination that he had a disability recognized under the Americans with Disability Act of 1990. In his third assignment of error, Stevens asserts that the trial court erred and abused its discretion when it denied his motion to modify the court order to pay child support. In his fourth assignment of error, Stevens asserts that the trial court erred when it stated that he was not incarcerated based on any order in this case. Because these issues are interrelated, we address them together.
 {¶ 19} It is well established that a trial court's decision regarding child-support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 20} Here, we agree with the trial court in that Stevens' incarceration is not a basis for modification of child support. In Williams v. Williams, the Tenth District stated:
A parent cannot, by intentional conduct or mereirresponsibility, seek relief from this duty of support.Defendant, who by his own wrongful conduct placed himself in aposition that he is no longer available for gainful employment,is not entitled to relief from his obligation to support hischild. Incarceration was a foreseeable result of his criminalconduct and is thus deemed a voluntary act in and of itself.
 Williams v. Williams (Sept. 24, 1992), 10th Dist. No. 92AP-438 (emphasis added). See Paulus v. Brinkman, 3rd Dist. No. 17-2000-20, 2001-Ohio-2102 (citing Williams v. Williams,
supra, as depicting the trend in child support modification cases involving incarceration).
 {¶ 21} Additionally, the record provides no specific information on exactly what Stevens' disability might be other than a copy of a letter from the Lucas County Court of Common Pleas Corrective Services. This letter states that the agency assessed Stevens as having an alcohol and drug dependency, and that he meets the definition of disabled under the Americans for Disability Act. Since Stevens violated his community control, resulting in his incarceration, and his violations were not based upon his disability, we find that the trial court did not abuse its discretion when it did denied Stevens' motion to modify the child support order.
 {¶ 22} Finally, Stevens was incarcerated because he violated his community control, under case number 02 CR 08435, and, as a result, had the reserved sentence imposed upon him. As stated above, in case number 24018, Stevens was ordered to pay child support for his two children. Also, Stevens moved in case number 24018 to obtain transcripts and modify his child support payments, and is currently appealing the denial of those motions, in the case sub judice. However, case number 24018 arises out of the Defiance County Court of Common Pleas, Juvenile Division, and is a purely civil case in the nature of paternity and follow-up proceedings. Therefore, the trial court was correct when it stated that he was not incarcerated based on any order of this case, because he was incarcerated under case number 02 CR 08435 not case number 24018. Accordingly, Stevens' second, third, and fourth assignments of error are overruled.
 {¶ 23} Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] Stevens does not dispute that Jessica and Jacob are his children. Angela is the natural mother of both Jessica and Jacob and has recently remarried.
[2] We note that Stevens does not provide a case number or county from which his criminal appeal is taken; however, we assume that Stevens is referring to Defiance County Court of Common Pleas case number 02 CR 08436.