[Cite as *State v. Cross*, 2024-Ohio-268.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230179 |
| | | TRIAL NO. B-2002020-A |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| DEARIES CROSS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: January 26, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Law Office of Arica L. Underwood, LLC,* and *Arica L. Underwood*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} Defendant-appellant Dearies Cross was sentenced to a 12-to-15 year aggregate sentence after pleading guilty to aggravated drug trafficking and trafficking in a fentanyl-related compound, both felonies of the first degree. He appeals, arguing that his sentence was inconsistent with those imposed for similar drug-related offenses and that he did not enter his pleas voluntarily because he was unable to cross-examine the codefendant who accused him of participating in the crimes. However, Cross's appellate attorney inexplicably failed to file a transcript in support of his appeal despite his entitlement to a transcript at the state's expense. As a result, we must presume the regularity of the proceedings below and overrule Cross's assignments of error.

### *Factual and Procedural History*

{¶2} On June 12, 2020, Cross was charged with numerous drug-related felonies, each of which carried a major drug offender specification. At the arraignment stage, Cross was represented by an appointed attorney through the public defender's office, although he was subsequently represented by two separate retained counsel. The case proceeded to trial, but on January 10, 2023, the trial court declared a mistrial.

{¶3} On March 8, 2023, the case again went to trial, and a jury was impaneled and sworn. The next day, Cross entered guilty pleas to two first-degree felonies: aggravated trafficking and trafficking in a fentanyl-related compound. On March 20, 2023, he was sentenced to an aggregate 12-to-15 year sentence. In its sentencing entry, the trial court found Cross to be indigent and remitted costs and fines on this basis.[1]

---

[1] Following the trial court's sentencing entry, Cross filed an affidavit of indigency averring that he was indigent and lacked the financial wherewithal to pay any fines or costs.

**{¶4}** Cross then filed a notice of appeal. Represented by the same retained attorney who appeared at the plea and sentencing stages below, Cross submitted a docket statement indicating that he would submit partial transcripts of the proceedings in the trial court in support of his appeal. Cross could have accomplished this by either ordering and paying for the transcripts on his own or, because he had been declared indigent by the trial court, moving the court to order the transcripts to be provided at state's expense pursuant to *State v. Arrington*, 42 Ohio St.2d 114, 326 N.E.2d 667 (1975).[2] But he did not pursue either option.

**{¶5}** On June 6, 2023, this court issued an order to show cause requiring Cross's attorney to either submit the partial transcripts by June 16, 2023, or file a notification that the record was complete without them. On June 16, 2023, Cross's attorney filed a motion for additional time to submit the transcripts. The motion indicated that Cross's family needed more time to pay for the transcripts, but did not reference Cross's indigence or otherwise request transcripts at the state's expense. The motion for an extension was granted, and Cross's attorney was given until June 30, 2023, to complete the record.

**{¶6}** Rather than doing so, on July 17, 2023, Cross's counsel filed a notification of an automatic extension of time to submit Cross's appellate brief. And on August 21, 2023, she submitted Cross's brief in the absence of trial transcripts. The state then submitted its brief on September 7, 2023.

**{¶7}** On December 28, 2023, this court issued an order for Cross's counsel to show cause as to why the transcripts necessary for Cross's appeal had not been ordered

---

[2] *Arrington* holds that the state must provide indigent defendants the portions of a transcript that are necessary to pursue their direct appeal. *Id.* at 16. Because the trial court had declared Cross to be indigent, and because he was incarcerated at the time he initiated this appeal, an *Arrington* motion for state-funded transcripts would undoubtedly have been granted.

at the state's expense under the authority of *Arrington*. The order also required Cross's counsel to identify the portions of the trial transcript that were necessary to address the assignments of error raised on appeal. The deadline to show cause was January 4, 2024. Cross's attorney did not respond to the show cause order, either as to the reason why she did not file a motion for state-funded transcripts given Cross's indigence or as to the portions of the transcript that were essential to the arguments Cross advances on appeal.

{¶8} Against this background, we now consider Cross's appeal.

### *Law and Analysis*

{¶9} Cross raises two assignments of error. First, he argues that his aggregate sentence was disproportionate to those imposed in similar cases. Second, he argues that his inability to cross-examine his codefendant rendered his guilty pleas involuntary. Cross concedes that neither of these arguments can be reviewed on their merits without transcripts of the relevant court proceedings. And Cross also concedes that he did not submit those transcripts in support of his appeal. He contends that his family lacked the financial resources to pay for them and that their financial status alone should be a basis for reversing his convictions.

{¶10} In the absence of transcripts allowing appellate review of an assignment of error, we *must* presume the regularity of the proceedings below. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E. 2d 384 (1980). And we do so here. We are wholly unable to determine whether any prejudicial error occurred with regard to the proportionality of Cross's sentence or in the voluntariness of his guilty pleas absent transcripts reflecting what occurred in the proceedings below.

**{¶11}** The failure of Cross's attorney to move for state-funded transcripts under *Arrington* is therefore fatal to Cross's appeal. As the Ohio Supreme Court noted recently in *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶ 29, the lack of transcripts to support the two fact-specific assignments of error Cross raises on appeal predetermines that they will fail.

**{¶12}** Also in *Leyh*, the Ohio Supreme Court held that the failure to provide transcripts after indicating on a docket statement that they are necessary for an appeal satisfies the initial showing of ineffective assistance of counsel necessary to reopen an appeal under App.R. 26(B). *Id.* at ¶ 28-30. That Cross's counsel failed to respond to this court's show cause order or to otherwise explain why she did not file a motion for state-funded transcripts makes the ineffectiveness all the more egregious in this case. While the issue of reopening is not presently before us, we have the authority to appoint counsel to represent Cross if he requests assistance in seeking to reopen his appeal. *See State v. Smaltz*, 6th Dist. Ottawa No. OT-11-026, 2012-Ohio-2345, ¶ 5.

**{¶13}** We accordingly overrule Cross's assignments of error due to the failure of Cross's attorney to request and submit the necessary transcripts. Cross has 90 days from the journalization of the judgment entry in this appeal to file an application to reopen his appeal on the basis of ineffective assistance of counsel under App.R. 26(B) and *State v. Leyh*. We instruct the clerk to serve Cross individually through the Hamilton County Justice Center, as well as Cross's counsel, with this opinion and the corresponding judgment entry. The judgment of the trial court is affirmed.

Judgment affirmed.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.