JOURNAL ENTRY AND OPINION
{¶ 1} Jeffrey Woods appeals from the decision of the trial court denying his motion to withdraw his guilty pleas in five separate cases. Woods argues that the trial court abused its discretion in denying him leave to withdraw the guilty pleas because he presented sufficient operative facts to demonstrate manifest injustice. For the following reasons, we affirm.
 {¶ 2} The Cuyahoga County grand jury indicted Woods in five separate cases involving a multitude of offenses. The trial court assigned two separate attorneys to defend Woods. On September 23, 2003, Woods entered into a plea agreement with the State of Ohio and was subsequently sentenced on October 21, 2003. The pleas and sentences can be summarized as follows: In CR439029, Woods pled guilty to receiving stolen property, a fourth degree felony in violation of R.C. 2913.51, and was sentenced to a one-year term of incarceration. In CR440514, Woods pled guilty to grand theft motor vehicle, a fourth degree felony in violation of R.C. 2913.02, and failure to comply, a third degree felony in violation of R.C. 2921.331. Woods was sentenced to a one-year term of incarceration on each count, to run consecutively. In CR440623, Woods pled guilty to receiving stolen property, a fourth degree felony in violation of R.C. 2913.51, and possession of drugs, a fifth degree felony in violation of R.C. 2925.11. He was sentenced to a one-year term of incarceration and a nine-month term of incarceration, to run concurrently. In CR440733, Woods pled guilty to two counts of felonious assault, second degree felonies in violation of R.C. 2903.11, breaking and entering, a fifth degree felony in violation of R.C. 2911.13, and attempted grand theft motor vehicle, a fifth-degree felony in violation of R.C. 2913.02. Woods was sentenced to two five-year terms of incarceration, and two nine-month terms of incarceration, to run concurrently. In CR441589, Woods pled guilty to theft, a fifth-degree felony in violation of R.C. 2913.02, and was sentenced to a nine-month prison term. All sentences in each of Woods' cases were ordered to be served consecutive to each other for a total term of incarceration of nine years and nine months.
 {¶ 3} On May 12, 2004, Woods filed motions to withdraw all guilty pleas pursuant to Crim.R. 32.1. The trial court denied the motions in entries journalized on June 24, 2004. Woods appeals raising a single assignment of error.
 {¶ 4} "The trial court erred and abused its discretion in denying leave to withdraw the guilty pleas in this case without explanation or hearing where the appellant presented sufficient operative facts to demonstrate manifest injustice resulting from the plea." This assignment lacks merit.
 {¶ 5} Pursuant to Crim.R. 32.1, a post-sentence motion to withdraw a guilty plea should only be granted to correct manifest injustice. Statev. Xie (1992), 62 Ohio St.3d 521, 526. A criminal defendant has the burden of establishing the existence of manifest injustice. State v.Smith (1977), 49 Ohio St. 2d 261, 264. In reviewing the trial court's decision to deny defendant's motion to withdraw his guilty plea, this court's standard of review is limited to a determination of whether the trial court abused its discretion. State v. Blatnik (1984),17 Ohio App.3d 201, 202. An abuse of discretion constitutes more than just an error of law or judgment, it implies that the court's attitude, as evidenced by its decision, is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} "What constitutes an abuse of discretion with respect to denying a motion to withdraw a guilty plea necessarily is variable with the facts and circumstances involved." State v. Walton (1981), 2 Ohio App.3d 117,119. However, this Court recognizes that if a plea of guilty could be easily retracted after the imposition of a sentence, "the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. . . ." (Citations omitted.) Peterseim (1980), 68 Ohio App.2d 211,213. See Smith, 49 Ohio St.2d at 264.
 {¶ 7} Here, Woods argues that manifest injustice exists because in exchange for pleading guilty one of his attorneys told him that he would be sentenced to a range of three years. Woods admits that this attorney disclosed to him that no agreed sentence had been stipulated. However, Woods stated that without this attorney's suggestion, he would have insisted upon a trial. In support of Woods' allegations, he provided an affidavit from his mother and a letter from both of his attorneys.
 {¶ 8} This does not rise to the level of manifest injustice. This Court has clearly established that a mistaken belief as to the consequences of the plea is insufficient to withdraw such a plea. Statev. Sabatino (1995), 102 Ohio App.3d 483, 486; State v. Hunt (Aug. 8, 1996), Cuyahoga App. No. 69726. As this court held in State v. Lambros
(1988), 44 Ohio App.3d 102, 103:
"It seems that a defendant who has a change of heart regarding his guilty plea should not be permitted to withdraw the plea just because he is made aware that an unexpected sentence is going to be imposed. Otherwise, defense counsel merely has to allege that the defendant's plea was induced by some underlying `mistaken belief'. . . . and the plea would be vacated."
 {¶ 9} Therefore, Wood's alleged reliance on his counsel's sentencing prediction of three years is not sufficient to constitute a manifest injustice.
 {¶ 10} Woods further argues that the trial court abused its discretion in failing to conduct a hearing on his Crim.R. 32.1 motion and in failing to issue an explanation for the denial of his motion. "It is well established that post-conviction relief petitions are subject to dismissal without a hearing if the petition and supporting evidentiary documents do not contain sufficient operative facts which, if true, would establish substantive grounds for relief." State v. Apanovitch (1996),113 Ohio App.3d 591, 597. Even if Woods' allegations were true, he was still not entitled to withdraw his plea because said allegations did not rise to the level of manifest injustice. Therefore, the trial court was not required to conduct a hearing on Woods' motion to withdrawal his plea.
 {¶ 11} The trial court was also not required to issue findings of fact and conclusions of law. This Court and courts of this state, "have consistently rejected attempts to impose such a requirement on Crim.R. 32.1 motions. Findings and conclusions are usually required by rule or statute, and no such authority is applicable here." State v. McNeal,
Cuyahoga App. No. 82793, at paragraph five, 2004-Ohio-50. See also Statev. Smith (1977), 49 Ohio St.2d 261.
 {¶ 12} Finally, though it is not contended that the trial court failed to comply with the mandates of Crim.R. 11(C), Woods nonetheless argues that his plea was not knowingly made because "he was never informed that any factors which would allow the sentences to run consecutively would have to be found by a jury if he elected to go to trial." This argument is based on the cases of Blakely v. Washington, and Apprendi v. NewJersey (2000), 530 U.S. 466. This court's en banc decision of State v.Lett (May 31, 2005), Cuyahoga App. Nos. 84707 and 84729, found that R.C.2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, does implicate the Sixth Amendment as construed inBlakely. Therefore, in conformity with that opinion, we reject Woods' contentions.
 {¶ 13} The trial court did not abuse its discretion in failing to allow Woods to withdraw his guilty pleas.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., And Rocco, J., Concur