JOURNAL ENTRY and OPINION
{¶ 1} Appellant Clifford Woodley appeals the trial court's denial of his motion for a new trial without a hearing. Woodley assigns the following error for our review:
"The trial court violated the appellant's right to due process under the Fourteenth Amendment of the U.S. Constitution when it failed to conduct an evidentiary hearing on a motion when there is evidence of `actual innocence' attached to the motion and abused its discretion by denying such motion."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Woodley on one count of aggravated murder with a three-year firearm specification and one count of having a weapon while under disability.
 {¶ 4} On April 14, 2003, prior to the jury being empaneled, Woodley entered a plea to an amended count of murder with a three-year firearm specification. The charge for having a weapon while under disability was nolled.
 {¶ 5} After accepting the plea, the trial court immediately proceeded to sentence Woodley. Woodley received a mandatory term of fifteen years to life for the murder offense and three years for the firearm specification to be served consecutively.
 {¶ 6} On April 29, 2003, Woodley filed a motion for a new trial, which in effect sought to withdraw his guilty plea. Attached to the motion were two unsworn statements of individuals stating that a "Monte Woodley" claimed that defendant Clifford Woodley was not responsible for the murder. The trial court denied the motion.
 {¶ 7} In Woodley's sole assigned error, he contends the trial court erred by denying his motion for a new trial without conducting a hearing.
 {¶ 8} We note that Woodley's conviction resulted from a guilty plea. As the Ohio Supreme Court in State v. Frohner,[1] held "[a] plea of guilty in a criminal case precludes the defendant from thereafter making a motion for a new trial."[2] Moreover, allowing a defendant to file a motion for new trial instead of a motion to withdraw the plea permits the defendant to circumvent the more stringent standard set forth in seeking a withdrawal of a plea.[3]
 {¶ 9} However, because Woodley's motion is in essence a motion to withdraw his plea, we will proceed to review the trial court's denial of his motion pursuant to the standard for a post-sentence withdrawal of a plea.
 {¶ 10} Crim. R. 32.1 permits the court to grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. "Manifest injustice" is an extremely high standard, which permits the withdrawal of a guilty plea only in extraordinary cases.[4] The defendant, moving for a post-sentence withdrawal of a guilty plea, has the burden of establishing the existence of manifest injustice.[5] The decision whether to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court.[6] Therefore, the trial court's decision will not be reversed absent an abuse of discretion.[7]
 {¶ 11} Woodley argues although he pled to murder, the two letters indicate he was not responsible. This is insufficient to withdraw a plea when there is a bargained for plea agreement. Woodley pled guilty to one charge and in exchange, the prosecution nolled the remaining charges. Woodley received the benefit of his bargain.
 {¶ 12} Additionally, we note Woodley is not arguing that he maintained his innocence when entering into the plea. Thus, he made a conscious choice to enter into the plea. A guilty plea is a complete admission of the defendant's factual guilt.[8] A counseled guilty plea, voluntarily and knowingly given, removes the issue of factual guilt from the case.[9]
In submitting the letters, Woodley is now contending he is innocent.
 {¶ 13} The Ohio Supreme Court in State v. Stumpf,[10] rejected a post-sentence motion to withdraw a plea even though the defendant presented evidence of his innocence. In that case, the defendant sought to withdraw his plea based on testimony made at a subsequent trial of another participant, which indicated the defendant who had pleaded guilty did not commit the shooting. The Court held:
"A plea of guilty is a complete admission of guilt. By entering his guilty plea to the principal charge and to the specification under R.C. 2929.04(A)(3), appellant admitted that he murdered Mary Jane Stout for the purpose of avoiding detection, apprehension, trial or punishment for his crimes of attempted aggravated murder and aggravated robbery. Appellant makes no claim that his plea was not entered knowingly, intelligently, and voluntarily. The three-judge panel questioned appellant extensively prior to accepting his guilty plea. He indicated that he made an informed and knowledgeable plea, with full realization as to its effect. Based upon appellant's guilty plea and the evidence adduced at his sentencing hearing, we cannot say that the panel abused its discretion or that appellant met his burden of showing that manifest injustice had occurred. Thus, we uphold the panel's decision not to permit appellant to withdraw his plea.[11]
 {¶ 14} Likewise, in the instant case, by pleading guilty, Woodley admitted he murdered the victim. Woodley does not contend that his plea was not knowingly, intelligently, or voluntarily entered. After being appraised of the ramifications of the guilty plea, Woodley stated he understood the penalty. He also told the court that no promises were made to him to coerce him into entering the plea. Thus, Woodley's "change of heart" does not create a manifest injustice.[12] Therefore, we cannot conclude the trial court abused its discretion by not vacating Woodley's plea based on his contention he is innocent by virtue of the unauthenticated letters.[13]
 {¶ 15} We also conclude the trial court did not err by failing to conduct a hearing on the motion. A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea.[14] Here, even if the letters are true, they do not require Woodley's plea to be vacated, because he entered into a voluntary, intelligent, and knowing plea. As stated above, a guilty plea is a complete admission of the defendant's factual guilt. Therefore, a hearing was not necessary to determine Woodley's motion.
 {¶ 16} Woodley cites to the United States Supreme Court opinion ofSchlup v. Delo[15] for the proposition that a hearing is warranted when evidence of a defendant's innocence is presented post-conviction. However, we conclude Schlup is distinguishable because that case dealt with a defendant who was convicted after a trial was held, and not after entering a guilty plea. Defendants who proceed to trial maintain their innocence; however, when a guilty plea is entered, the defendant admits his guilt. Accordingly, Woodley's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Kilbane, J., concur.
[1] (1948), 150 Ohio St. 53.
[2] Id. at paragraph thirteen of the syllabus. See, also State v.Burke (Mar. 9, 2001), 2nd Dist. No. 17955; State v. Vincent, 4th Dist. No. 02CA2654, 2003 Ohio 473, at § 20; State v. Franklin, 2nd Dist. No. 2002 CA 77, 2003 Ohio 3831.
[3] State v. Zeffer (Dec. 13, 2000), 9th Dist. No. 19893, 19963.
[4] State v. Smith (1977), 49 Ohio St.2d 261, 264.
[5] Id. at paragraph one of the syllabus.
[6] Id. at paragraph two of the syllabus.
[7] State v. Xie (1992), 62 Ohio St.3d 521, 526.
[8] Crim. R. 11(B)(1).
[9] State v. Siders (1992), 78 Ohio App.3d 699, 701, citing Mennav. New York (1975), 423 U.S. 61, 62, 46 L.Ed.2d 195, 96 S.Ct. 241.
[10] (1987), 32 Ohio St.3d 95.
[11] Id. at 104-105.
[12] State v. Grigsby (1992), 80 Ohio App.3d 291, 201; State v.Drake (1991), 73 Ohio App.3d 640, 645; State v. Lambros (1988),44 Ohio App.3d 102, paragragh one of syllabus.
[13] See, also, State v. Maholtz (June 13, 1991), Cuyahoga App. No. 51096 (trial court did not err by denying post-sentence motion to withdraw a plea based on codefendant's letter stating defendant was innocent.)
[14] State v. Blatnik (1984), 17 Ohio App.3d 201, 204.
[15] (1995), 513 U.S. 298.