JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jason Lee Bayles, proceeding pro se, appeals from the trial court order that denied his post-sentence motion to withdraw his 1995 guilty pleas to one count of aggravated murder with a felony murder specification, and one count of aggravated robbery.
 {¶ 2} In his assignments of error, appellant argues the App.R. 9(A) record supports his claims that his pleas were coerced by his trial attorneys, and, further, that his pleas improperly were accepted by a three-judge panel. This court disagrees; consequently, appellant's assignments of error are overruled, and his convictions are affirmed.
 {¶ 3} The record reflects appellant was indicted with a co-defendant in 1994 on two counts of aggravated murder, each with a felony murder specification, one count of aggravated robbery, and one count of aggravated burglary. Appellant received the services of assigned counsel, who filed the required discovery motions for a capital murder case.
 {¶ 4} Appellant's case proceeded to the point of jury selection before he agreed to enter into a plea agreement with the state. In exchange for appellant's pleas of guilty to one count of aggravated murder, with a felony murder specification, and to aggravated robbery, the state dismissed counts one and four. A three-judge panel accepted appellant's pleas. On February 21, 1995 appellant received a sentence of consecutive terms of life without the possibility of parole for thirty years on count two, and five to twenty-five years on count three.
 {¶ 5} On September 10, 1996 appellant filed a petition for post-conviction relief. He claimed that evidence presented at the trial of his co-defendant indicated his innocence, but that his trial attorneys "harassed" him into entering his pleas. Appellant subsequently filed a motion in the trial court to "voluntarily dismiss" the petition "without prejudice."
 {¶ 6} On November 26, 2004, nearly ten years after he entered his pleas, appellant filed a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. He asserted that his trial attorneys provided ineffective assistance; he claimed they failed to prepare for trial and talked him into entering his pleas through "misrepresentation" of the potential consequences if he refused. He also asserted that his pleas were not knowingly, voluntarily, and intelligently made.
 {¶ 7} Appellant attached to his motion some "exhibits." In pertinent part, one appeared to be a copy of a portion of the transcript of his co-defendant's trial, and one was his self-serving affidavit.
 {¶ 8} The trial court denied his motion without opinion.
 {¶ 9} Appellant has filed a timely pro se appeal of the denial, and presents five assignments of error, which are set forth verbatim, as follows:
 {¶ 10} "I. Trial court errored in failing to hold evidentiary hearing when defendant made an admission that trial counsel misrepresented him and used the threat of death row forcing defendant to enter a plea.
 {¶ 11} "II. Trial court errored in failing to advise the defendant of other plea options and the consequences of each plea.
 {¶ 12} "III. Trial court errored in failing to examine witnesses and any other evidence presented by prosecution in order to make a Criminal Rule 11 determination as required by a 3 Judge Panel.
 {¶ 13} "IV. Trial court errored in failing to advise defendant of Constitutional safeguards.
 {¶ 14} "V. Trial court errored in failing to allow defendant to withdraw guilty plea."
 {¶ 15} Appellant argues he presented adequate evidence to cause the trial court to give him an evidentiary hearing to determine whether his pleas should be withdrawn because: 1) he was innocent of the charges; 2) he entered his pleas under duress; 3) his pleas were not entered knowingly, voluntarily, and intelligently; and, 4) he was not informed of the constitutional rights he was relinquishing in entering his pleas.
 {¶ 16} A motion to withdraw a guilty plea after the imposition of sentence may be granted only to correct "manifest injustice." Crim.R. 32.1; State v. Xie (1992), 62 Ohio St.3d 521; State v. Peterseim (1980),68 Ohio App.2d 211. In turn, this court's review of the trial court's decision on the motion is limited to the issue of whether the trial court abused its discretion. State v. Woods, Cuyahoga App. No. 84993,2005-Ohio-3425. The App.R. 9(A) record submitted by appellant in this case does not demonstrate either any abuse of discretion or any manifest injustice. State v. Guillem (Dec. 2, 1999), Cuyahoga App. No. 75995.
 {¶ 17} Appellant cannot now claim his innocence of the charges because a counseled plea of guilty to a charge removes the issue of factual guilt from the case. State v. Stumph (1987), 32 Ohio St.3d 95, 104-105; Statev. Woodley, Cuyahoga App. No. 83104, 2005-Ohio-4810, ¶ 12.
 {¶ 18} Similarly, appellant's claim of duress and his challenges to the procedures used by the three-judge panel cannot be supported by a record which demonstrates only that trial counsel exercised diligence in appellant's defense and which does not include any transcript of his plea hearing. State v. Zahoransky, Cuyahoga App. No. 80575, 2003-Ohio-148, ¶ 14-17.
 {¶ 19} Since the record reflects: 1) appellant was ably represented; 2) the journal entry of his plea hearing states appellant was "fully advised of his constitutional rights," and, additionally states he "sa[id] he was guilty of Aggravated Murder with Specification of Felony Murder, RC 2903.01, as charged in count two, and guilty of Aggravated Robbery, RC 2911.01," upon the recommendation by the prosecutor that the other two charges be dismissed; and 3) appellant presented the trial court with no reason to suggest the existence of any manifest injustice, the trial court acted within its discretion to deny without a hearing appellant's motion to withdraw his plea. State v. Peterseim, supra; Statev. Woods, supra; State v. Woodley, supra; State v. Zahoransky, supra;State v. Guillem, supra.
 {¶ 20} Accordingly, appellant's assignments of error are overruled.
 {¶ 21} The trial court's order is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J. and McMonagle, J. concur.