JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, James Black, appeals his guilty plea as not being knowingly and voluntarily made. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant was indicted by a Cuyahoga County Grand Jury in a seven-count indictment relative to the death of James Whitlow. Counts one and two of the indictment charged appellant with aggravated murder, each count with two felony murder specifications and one of the following specifications: repeat violent offender, notice of prior conviction, sexual motivation and sexually violent predator. Counts three through seven, respectively, charged the following crimes: rape, kidnapping, murder, felonious assault (deadly weapon or ordnance) and felonious assault (serious physical harm). The kidnapping, murder and felonious assault charges each contained one of the following specifications: repeat violent offender, notice of prior conviction, sexual motivation and sexually violent predator. The rape charge contained repeat violent offender, notice of prior conviction and sexually violent predator specifications.
 {¶ 3} After negotiations with the State, appellant pleaded guilty to count one, aggravated murder, and count four, kidnapping. The remaining charges and specifications of the indictment were dismissed. Appellant was sentenced to 20 years-to-life. Appellant now contends that his plea was not knowingly and voluntarily made.
 {¶ 4} In State v. Nero (1990), 56 Ohio St.3d 106, 107,564 N.E.2d 474, the Supreme Court of Ohio discussed the requirements for a voluntary plea:
 {¶ 5} "Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review.State v. Stone (1975), 43 Ohio St.2d 163, 167-168,72 O.O.2d 91, 94, 331 N.E.2d 411, 414; State v. Stewart (1977),51 Ohio St.2d 86, 92-93, 5 O.O.3d 52, 56, 364 N.E.2d 1163, 1167; Statev. Scott (1974), 40 Ohio App.2d 139, 144, 69 O.O.2d 152, 155,318 N.E.2d 416, 420. Crim.R. 11(C)(2) requires the trial judge to personally inform the defendant of the constitutional guarantees he waives by entering a guilty plea. The United States Supreme Court held in Boykin v. Alabama (1969), 395 U.S. 238, 242-243,23 L. Ed. 2d 274, 89 S. Ct. 1709, that in order for a reviewing court to determine whether a guilty plea was voluntary, the United States Constitution requires the record to show that the defendant voluntarily and knowingly waived his constitutional rights. The court specified these rights as (1) theFifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. Id. at 243.
 {¶ 6} "In addition to the constitutional duty to inform, Crim.R. 11(C) requires the trial judge to tell the defendant certain other matters before accepting a guilty plea. State v.Johnson (1988), 40 Ohio St.3d 130, 132-133, 532 N.E.2d 1295,1297-1298, certiorari denied (1989), 489 U.S. 1098,103 L. Ed. 2d 940, 109 S. Ct. 1574. Specifically, Crim.R. 11(C)(2) requires:
 {¶ 7} "`(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 {¶ 8} "`(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 9} "`(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 {¶ 10} "`(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.'" Nero
at 107-108, quoting Crim.R. 11(C)(2).
 {¶ 11} In State v. Griggs, 103 Ohio St.3d 85,2004-Ohio-4415, 814 N.E.2d 51, the Supreme Court of Ohio distinguished between advising a defendant of constitutional rights and nonconstitutional rights under Crim.R. 11, stating:
 {¶ 12} "The information * * * required by Crim.R. 11 ensures that defendants enter pleas with knowledge of rights that they would forego and creates a record by which appellate courts can determine whether pleas are entered voluntarily. See Nero
[supra]; see, also, State v. Ballard (1981), 66 Ohio St.2d 473,479-480, 20 O.O.3d 397, 423 N.E.2d 115.
 {¶ 13} "* * * Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [Nero] at 108. The test for prejudice is `whether the plea would have otherwise been made.'" Griggs at ¶¶ 11-12, quoting Nero at 108.
 {¶ 14} In this case, the trial court personally addressed appellant and advised him of all the rights set forth under Crim.R. 11 before accepting his guilty plea. The court advised appellant of his right to a jury trial, to have the case tried to a three-judge panel without a jury, to be represented by counsel, to have his attorney cross-examine witnesses against him, to have his attorney subpoena or bring forth witnesses on his behalf, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he could not be forced to testify against himself. Appellant responded that he understood all of the above.
 {¶ 15} Appellant, however, contends that the trial court failed to "make sufficient inquiry into whether [he] understood the nature of the charges." A defendant's right to have the elements of the crime explained to him or her is a nonconstitutional right. State v. Singh (2000),141 Ohio App.3d 137, 141, 750 N.E. 2d 598. Specifically, in Singh, the Eleventh Appellate District held that:
 {¶ 16} "In order for a trial court to determine that a defendant is entering a plea with an understanding of the nature of the charge, the court need not advise him of the elements of the crime or specifically ask him if understands the charge, so long as the totality of the circumstances indicate that the trial court was warranted in deciding that the defendant did understand the charge. State v. Rainey (1982), 3 Ohio App.3d 441, 442,446 N.E.2d 188." Singh at 141.
 {¶ 17} A review of the record demonstrates that the trial court more than substantially complied with informing appellant of the nature of the charges against him. The court read all the indicted charges to appellant and asked him if he understood them. Appellant indicated that he understood. The court then informed appellant of the possible penalties for all the indicted charges. At the conclusion of explaining to appellant the nature of the charges and possible penalties, the court inquired of appellant if he understood and whether he had any questions. Appellant did not have any questions and indicated that he understood.
 {¶ 18} The court then reiterated to appellant the possible penalties for the two counts to which appellant pleaded, aggravated murder and kidnapping. Appellant indicated that he understood the possible penalties and that he agreed with the plea agreement, as had been previously outlined by the State. Further, prior to accepting the plea, the court read, almost verbatim from the Revised Code, the aggravated murder and kidnapping charges; appellant again indicated that he understood the charges.
 {¶ 19} While the record indicates that appellant has a low IQ, there is no indication that he lacked an understanding of the plea proceedings. The court presented the information required by Crim.R. 11(C) in a simple manner and repeatedly informed appellant that he was to stop the court at any time if he had questions. Appellant did ask some questions, and after explanation by the court in response to those questions, appellant indicated that he understood.
 {¶ 20} Moreover, appellant's contention that his plea was not voluntarily and knowingly made because the trial court failed to inform him about the affirmative defense of self-defense is without merit. Crim R. 11 does not require a trial court to inform a defendant of possible affirmative defenses prior to accepting a plea. State v. Reynolds (1988), 40 Ohio St.3d 334. In particular, in Reynolds, the Supreme Court of Ohio noted that affirmative defenses are not elements of a charge and, thus, "the trial court is not required to apprise [a] defendant of the availability of * * * defenses prior to accepting a guilty plea to the charge and its failure to do so will not defeat a finding of `substantial compliance' with Crim.R. 11(C)." Id. at 336.
 {¶ 21} Here, the court went to great lengths to explain to appellant that if he pleaded guilty he would be giving up his self-defense claim. The court twice questioned appellant if he understood that by pleading guilty, self-defense would not be available to him, and both times appellant indicated that he understood. The court was not required to explain to appellant the nuances of a self-defense claim.
 {¶ 22} Accordingly, the totality of the circumstances demonstrate that appellant understood the implications of his plea and, therefore, we find that it was voluntarily and knowingly made. Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Calabrese, Jr., J., concur.