JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jason Lee Bayles, pro se, appeals from the trial court order denying his motion for court transcripts. We affirm.
 {¶ 2} The record reflects that Bayles was indicted with a co-defendant in 1994 on two counts of aggravated murder, each with a felony murder specification, one count of aggravated robbery, and one count of aggravated burglary. Bayles received the services of assigned counsel, who filed the required discovery motions for a capital murder case.
 {¶ 3} During jury selection, Bayles agreed to enter into a plea agreement with the State. In exchange for his pleas of guilty to one count of aggravated murder, with a felony murder specification, and to aggravated robbery, the State dismissed the remaining counts. A three-judge panel accepted Bayles' pleas. On February 21, 1995, the trial court sentenced him to consecutive terms of life without the possibility of parole for 30 years on the aggravated murder, and five to 25 years on the aggravated robbery. No direct appeal was taken.[1]
 {¶ 4} On September 10, 1996, Bayles filed a petition for postconviction relief. He claimed that evidence presented at the trial of his co-defendant indicated his innocence, but his trial attorneys had "harassed" him into entering his pleas. On the *Page 5 
same day, Bayles also filed a "motion for court records without cost," with an affidavit of indigency, as well as motions for expert assistance, appointment of counsel, and summary judgment. The trial court did not rule on any of these motions. In November 1998, Bayles filed a "motion for voluntary dismissal" of his petition for postconviction relief.
 {¶ 5} On June 9, 2004, Bayles filed a "motion for production of transcripts by indigent incarcerated defendant." He requested various documents, including the transcript of his plea hearing and trial, asserting that the documents "are necessary to proceed in the exhaustion of defendant's posttrial remedies."
 {¶ 6} The trial court subsequently denied Bayles' motion, ruling that "[defendant's motion for production of transcripts by indigent incarcerated defendant is denied. Transcript has been provided."
 {¶ 7} In November 2004, Bayles filed a motion to withdraw his guilty pleas. This court subsequently affirmed the trial court's judgment denying the motion. State v. Bayles, Cuyahoga App. No. 85910,2005-Ohio-6233.
 {¶ 8} On February 17, 2006, Bayles filed a motion for "court transcripts" at State expense. Bayles now appeals from the trial court's denial of his motion. He argues that the trial court's order violates his equal protection and due process rights. He asserts that he needs the transcripts in order to "go through the transcript to look for errors which lie in the record to challenge his conviction to have his plea *Page 6 
withdrawn."
 {¶ 9} An indigent defendant is entitled to relevant portions of a transcript at public expense if he is entitled to a direct appeal of his conviction or he has presently pending an appeal or some other comparable postconviction action. State ex rel. Nelson v. Fuerst (1993),66 Ohio St.3d 47, 49, fn. 1; State ex rel. Murr v. Thierry (1987),34 Ohio St.3d 45 (" [A]ppeal or post-conviction action must be pending at the time the transcript is sought."); State ex rel. Partee v.McMahon (1963), 175 Ohio St. 243, 248.
 {¶ 10} Here, Bayles' time for a direct appeal has long expired and he presently has no postconviction action pending. Accordingly, he is not entitled to a transcript of evidence at State expense.
 {¶ 11} In addition, only one copy of a transcript need be provided.State ex rel Murr v. Thierry, 34 Ohio St.3d at 45, citing State ex rel.Vitoratos v. Walsh (1962), 173 Ohio St. 467, appeal dismissed (1962),371 U.S. 114. Further, "the duty to provide a transcript at State expense extends only to providing one transcript for the entire judicial system. It does not extend to sending the transcript to the indigent person in prison." State ex rel. Mramor v. Court of Common Pleas (Dec. 31, 1997), Cuyahoga App. No. 73406.
 {¶ 12} The lower court file for this case, CR-312326, contains a complete record of the trial court proceedings, as well as a transcript of the trial's court hearings on pre-trial motions and the trial itself. Accordingly, the State has fulfilled *Page 7 
its duty in providing a transcript; Bayles is not entitled to an additional transcript at State expense.
 {¶ 13} Appellant's assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., JUDGE
ANTHONY O. CALABRESE, JR., P.J., and ANN DYKE, J., CONCUR
[1] Bayles' co-defendant, Richard Jenkins, was convicted after trial of two counts of aggravated murder, one count of aggravated robbery, and one count of aggravated burglary, and sentenced to life in prison with parole eligibility after 30 years on the aggravated murder counts and ten to 25 years on each of the aggravated robbery and aggravated burglary counts. His conviction was affirmed on appeal. State v.Jenkins (Dec. 24, 1997), Cuyahoga App. No. 68961. *Page 1