{¶ 1} Defendant-appellant, Jason Cole, appeals from his conviction and sentence for felonious assault with a one-year firearm specification. He asserts that the court erred by accepting his plea of guilty to this charge, abused its discretion by refusing to allow him to withdraw his plea, and denied him due process by sentencing him to four years' imprisonment. We find that the trial court did not substantially comply with Criminal Rule 11(C)(2)(a) because it did not ensure that appellant understood the nature of the charge to which he plead guilty. Accordingly, we vacate the plea and sentence and remand for further proceedings.
 {¶ 2} Appellant was charged in a three-count indictment filed August 1, 2007, with one count of felonious assault with one-and three-year firearm specifications, having a weapon while under disability, and criminal damaging. On August 3, 2007, he waived reading of the indictment and pleaded not guilty. On October 16, 2007, he pleaded guilty to the felonious assault charge, which had been amended to delete the three-year firearm specification. The other two charges were dismissed. Appellant orally moved to withdraw his guilty plea, but the court denied the motion and sentenced appellant to one year of imprisonment on the firearm specification to be served prior and consecutive to a four-year term of imprisonment on the felonious assault charge, followed by three years of post-release control.
 {¶ 3} The plea hearing in this case was a joint proceeding involving both appellant and his co-defendant. At the beginning of the hearing, the prosecutor recited that both *Page 5 
defendants were charged with (1) felonious assault, a second degree felony, with one-and three-year firearm specifications, and (2) criminal damaging, a second degree misdemeanor. Appellant was also charged with having a weapon while under disability, a third degree felony. The prosecutor represented that the first count would be amended to charge the co-defendant with attempted felonious assault. The firearm specifications would be deleted, and the criminal damaging charge would be dismissed against the co-defendant. With respect to appellant, the prosecutor represented:
 [I]t's my understanding the defendant will plead guilty to count one as indicted with only the one-year firearm specification, deleting the three-year firearm specification. That's a felony of the second degree punishable by two to eight years in prison, a 15,000 fine and three years post release control [sic].
He further stated that the remaining counts against appellant would be dismissed. Appellant's counsel represented to the court that "the prosecutor correctly outline[d] the proposed plea." Unlike the co-defendant's attorney, appellant's attorney did not represent to the court that he explained appellant's constitutional rights to him, or that he informed appellant of the nature of the charge or the potential penalties he faced.
 {¶ 4} The court then engaged both defendants in a colloquy, inquiring first of the co-defendant and then of appellant as to each topic. Appellant informed the court that he was 23 years old, had a seventh grade education, and could read and write. He denied that he was under the influence of drugs or alcohol, and denied that any threats or promises had been made. He stated that he understood and waived his constitutional rights to a jury trial, to confront witnesses, to compulsory process, to not testify, and to have his guilt proven beyond *Page 6 
a reasonable doubt. He further stated that he understood that once he entered his guilty plea, the court could sentence him immediately.
 {¶ 5} The court then proceeded to discuss the specific charges to which each defendant was pleading. In addressing appellant, the court stated:
 THE COURT: All right. Mr. Cole, in your case the indictment is proposed to be amended to delete counts two and three but also to eliminate the three-year gun spec and keep the one-year gun spec.
 Do you understand the amended counts against you?
 MR. COLE: Yes, sir.
 THE COURT: Is that true?
 MR. COLE: Yes, sir.
 {¶ 6} The court then proceeded to inform the appellant and the co-defendant of the penalties which could be imposed upon each of them. The court further informed appellant that, because he was on post-release control, he could be found to be a violator and could be required to serve "administrative time" "in addition to any time you're given here." The court inquired of appellant:
 THE COURT: How, sir, do you plead to amended count one, felonious assault, in violation of Revised Code 2903.11(A)(2), a felony of the second degree, with a one-year mandatory gun specification but without a three-year mandatory spec?
 MR. COLE: Guilty.
 THE COURT: Sir, I accept that plea and find you guilty.
 {¶ 7} In his second assignment of error, appellant challenges the court's acceptance of his guilty plea. Appellant contends that the court failed to ensure that he understood the *Page 7 
nature of the charge or the effect of the plea as an admission that he caused or attempted to cause physical harm to another by means of a deadly weapon. He asserts that this failure to comply with Crim. R. 11(C) rendered his plea unknowing and involuntary.
 {¶ 8} The court's obligation under Crim. R. 11 to ensure that the defendant understands the nature of the charge is not a constitutional duty, so the court's compliance with that obligation is subject to review only for substantial compliance. State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. The substantial compliance standard requires us to decide whether "the totality of the circumstances indicate that the trial court was warranted in deciding that the defendant did understand the charge." State v. Singh (2000), 141 Ohio App.3d 137, 141; also see State v. Black, Cuyahoga App. No. 87641, 2006-Ohio-5720, ¶ 16. Complete failure to comply with a Crim. R. 11(C) requirement will result in a determination that the plea was not knowing, intelligent and voluntary. State v. Sarkoszy, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 22;State v. Clark, 119 Ohio St.3d 239; 2008-Ohio-3748, ¶ 32. Partial non-compliance will not result in reversal unless the defendant was prejudiced. Clark, at ¶ 32.
 {¶ 9} In this case, the totality of the circumstances do not demonstrate that the appellant understood the nature of the crime to which he was pleading guilty. The indictment was never read to him, nor were the underlying facts ever described on the record. See, e.g.,State v. Goens, Butler App. No. CA2005-06-174, 2006-Ohio-4324, ¶ 12-14. There is no evidence that the elements of the offense were ever described or explained to appellant at any time, by his attorney, by the prosecutor, or by the court. Indeed, the fact that he was pleading *Page 8 
guilty to felonious assault was not even made clear on the record until the conclusion of the proceedings, and then did not include any explanation of what conduct that crime entailed. Based upon this record, the trial court could not have determined that the appellant understood the nature of the charge to which he was admitting guilt. See State v.Corbin (2001), 141 Ohio App.3d 381, 386. Therefore, we must vacate the sentence and plea of guilty and remand for further proceedings.
 {¶ 10} In light of our disposition of the second assignment of error, the first and third assignments of error are moot.
 {¶ 11} The judgment and entry accepting appellant's guilty plea are hereby vacated and this matter is remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., CONCURS COLLEEN CONWAY COONEY, P.J., DISSENTS (SEE ATTACHED DISSENTING OPINION) *Page 9