[Cite as *State v. Shine*, 2019-Ohio-2916.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 107685 |
| v. | : | |
| MICHAEL L. SHINE, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 18, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-99-371342-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony Thomas Miranda, Assistant Prosecuting Attorney, *for appellee.*

Michael L. Shine, *pro se.*

LARRY A. JONES, SR., J.:

{¶ 1} This is a murder case in which defendant-appellant Michael Shine ("Shine") pleaded guilty in 1999 to amended charges of the indictment, those being, Count 2, murder, and Count 4, attempted murder, both felonies of the first degree.

The trial court sentenced Shine to concurrent sentences of 15 years to life on the murder and ten years on the attempted murder. The trial court also imposed a $40,000 fine, which consisted of $20,000 on each count. The sentencing entry did not mention postrelease control. Shine did not file a direct appeal.

{¶ 2} There was no substantive activity on the case until July 2018, when Shine, pro se, filed the following motions: (1) "for sentencing (to correct a fundamental miscarriage of justice)"; (2) "for preparation of complete transcript of proceedings at state expense"; and (3) "to withdraw guilty plea." In August 2018, the trial court denied Shine's motion to withdraw his plea; it did not rule on the other motions. Shine has appealed the judgment denying his motion to withdraw his plea, challenging the following: (1) the lack of notification regarding postrelease control and the consequences for violating same; (2) the lack of a "mens rea component" for the attempted murder conviction; (3) the voluntariness of his plea; and (4) the imposition of the $40,000 fine.

{¶ 3} Generally, in a criminal case, the state must provide a defendant who is indigent a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. *State v. Arrington*, 42 Ohio St.2d 114, 326 N.E.2d 667 (1975), paragraph one of the syllabus. The defendant receives the benefit of a presumption of entitlement to the transcript without demonstrating need. *Id.* at paragraph four of the syllabus; *see also State v. Bayles*, 8th Dist. Cuyahoga No. 88094, 2007-Ohio-1008, ¶ 9 ("An indigent defendant is entitled to relevant portions of a transcript at public expense if he [or she] is entitled to a direct appeal of his [or

her] conviction or he [or she] has presently pending an appeal or some other comparable postconviction action.")

{¶ 4} The burden rests upon the state to demonstrate that the defendant does not need the transcript. *Arrington* at paragraph two of the syllabus. The state may meet its burden by showing that the transcript is not valuable to the defendant or that the defendant possesses alternate devices that would fulfill the same function as the transcript. *Id.* at paragraph three of the syllabus.

{¶ 5} The state filed a response to Shine's request for the transcript, acknowledging that Shine is generally entitled to it and stating that it did not oppose his request. The state noted, however, that given the age of the case, it may be that preparation of a transcript is not possible. Because the trial court never ruled on Shine's motion for the transcript, we remanded the case in May 2019 so that a determination could be made as to whether the transcript of proceedings was available; if so, we stated that Shine was entitled to it.

{¶ 6} In a judgment dated May 21, 2019, the trial court denied Shine's motion for the transcript, stating that it had contacted the court reporter's office and been advised that the transcript was unavailable. We now therefore proceed to consider the merits of his appeal. He raises the following assignment of error for our review:

> Where, as here, the trial court's journal entry is patently devoid of any: (1) notification that a mandatory (5) five-year period of postrelease control was required to be imposed, O.R.C. Section 2967.28; (2) any of the consequences associated with a violation of a postrelease control sanction, O.R.C. Section 2943.032(E); and, *Woods v. Telb* (2000), 89

Ohio St.3d 504, 511; and, O.R.C. Section 2929.141(A); and, (3) a patent absence of a "mens rea component" in association with an underlying offense alleging "attempted murder," O.R.C. Section 2903.02(B); and, (4) any notification of the existence of any "appellate rights," defendant's guilty plea may not be reasonably deemed as intelligently, voluntarily, and knowingly made and a resultant motion to withdraw such plea must be deemed a "presentence" motion to withdraw guilty plea as defined in: *State v. Boswell*, 121 Ohio St.3d 575. *See also*: Crim.R. 11(C)(2)(a).

{¶ 7} The standard for reviewing a motion to withdraw a plea depends on whether the motion was made before sentencing or after sentencing.

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Crim.R. 32.1.

{¶ 8} Thus, a presentence motion to withdraw a plea should be "freely and liberally granted." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57. On the other hand, a postsentence motion to withdraw a plea should be granted only to correct a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

Manifest injustice is an extremely high standard which permits the court to allow plea withdrawal only in extraordinary cases. A manifest injustice is defined as a clear or openly unjust act. Other courts have referred to it as an extraordinary and fundamental flaw in the plea proceeding.

*State v. Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8 (internal citations omitted). Regardless of whether a motion to withdraw a plea was made presentence or postsentence, it is left to the sound discretion of the trial court and

our review of the trial court's decision is for abuse of discretion. *See id.* at ¶ 9; *State v. Brown*, 4th Dist. Ross No. 16CA3544, 2017-Ohio-2647, ¶ 11.

{¶ 9} Shine contends that because the trial court failed to impose postrelease control on Count 4, attempted murder, his sentence is void and therefore his motion to withdraw his plea was made presentence; he cites *State v. Boswell*, 122 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, in support of his contention.

{¶ 10} It is true that in *Boswell*, the Ohio Supreme Court held that "a defendant's motion to withdraw a guilty plea following the imposition of a void sentence must be considered as a presentence motion and be freely and liberally granted." *Id.* at ¶ 13. However, the court modified its decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. In *Fischer*, the court clarified that if a judge "fails to impose statutorily mandated postrelease control as part of a defendant's sentence [only] that part of the sentence is void." *Id.* at ¶ 26. This court has recognized that *Fischer* calls into question the holding in *Boswell*. *See State v. Alford*, 8th Dist. Cuyahoga No. 95946, 2011-Ohio-4811, ¶ 11.

{¶ 11} Thus, the failure to advise on postrelease control renders only that portion of the sentence void. Shine's motion to withdraw his plea was therefore a postsentence motion, and he needed to demonstrate a manifest injustice.

{¶ 12} The record demonstrates that the claims Shine raised in his motion to withdraw his plea could have been raised in 1999. "An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a

motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph three of the syllabus. This court has previously rejected a five-year delay. *See State v. Ladson*, 8th Dist. Cuyahoga No. 102914, 2015-Ohio-5266. Shine's 17-year delay here undermines a claim of manifest injustice.

{¶ 13} Further, Shine's claims are barred under the doctrine of res judicata. This court has consistently recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised or could have been raised in a prior proceeding, including a direct appeal. *State v. Fountain*, 8th Dist. Cuyahoga Nos. 92772 and 92874, 2010-Ohio-1202; *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374; *State v. Pickens*, 8th Dist. Cuyahoga No. 91924, 2009-Ohio-1791; *State v. Gaston*, 8th Dist. Cuyahoga No. 82628, 2003- Ohio-5825. Shine could have raised his claims on direct appeal, but failed to do so; they are now barred under res judicata.

{¶ 14} Notwithstanding that Shine's claims are barred by res judicata, they are without merit. Because of the lack of transcript, we must presume the regularity of the proceeding. Thus, we presume that the plea colloquy complied with Crim.R. 11, that he was advised that postrelease control was mandatory and there would be consequences for violating it, and that he was advised of his appellate rights.

{¶ 15} Moreover, in regard to Shine's contention that the trial court failed to advise him about postrelease control on the attempted murder count, he has failed

to demonstrate that it affected his decision to enter a plea. We note that Shine also pleaded guilty to murder, which carries lifetime parole. Thus, any imposition of postrelease control on the attempted murder would have merged with postrelease control for the murder count. *See* R.C. 2967.28(F)(4).

{¶ 16} Shine further contends that the trial court failed to make factual findings under R.C. 2929.11 and 2929.12. Those statutes are not fact-finding statutes, however. *See State v. Johnson*, 8th Dist. Cuyahoga No. 100719, 2014-Ohio-3722, ¶ 12. In regard to Shine's contention that there was a "patent absence of a 'mens rea component'" in association with the attempted murder count, we note that under Crim.R. 11, a plea of guilty is a complete admission of guilt.

{¶ 17} Finally, Shine contends that the trial court impermissibly imposed a $40,000 fine on him. We initially note that this was not raised in his motion in the trial court; it is well established that issues not raised in the trial court will not be considered for the first time on appeal. *See State v. Anderson*, 151 Ohio St.3d 212, 2017-Ohio-5656, 87 N.E.3d 1202, ¶ 14. Regardless of Shine's failure to raise this issue below, we further note that his plea was to two first-degree felonies, and that at the time of his plea, R.C. 2929.18(A)(3)(a) governed and provided that a first-degree felony could be punished by a fine of up to $20,000.

{¶ 18} In light of the above, Shine's assignment of error is without merit.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY EILEEN KILBANE, A.J., and
ANITA LASTER MAYS, J., CONCUR